## SPARENBERG v. COLLINS et al.
### No. 1143.

Court of Civil Appeals of Texas. Eastland.
Sept. 8, 1933.

Sullivan & Sullivan, of Big Spring, for appellant.

Woodward & Coffee and G. B. Cunningham, all of Big Spring, for appellees.

FUNDERBURK, Justice.

P. T. Schelb, the agent of Mrs. Johanna Sparenberg, wrote J. J. Hair as agent of T. M. Collins a letter dated February 25, 1929, reading: "In response to your letter of the 23rd inst., in reference to Mr. T. M. Collins buying my home property, I will state that if Mr. Collins will deposit ($1,000.00) One Thousand Dollars in the First National Bank at Big Spring, as part of payment of the first ten thousand dollars, I will on receipt of an early notice from the bank proceed to get out the necessary papers for title. That is to say, abstract to date, ten notes of one thousand dollars each, bearing interest at 8%, one of same, interest and principal, to be paid each year, deed, etc., to be delivered at the earliest reasonable date."

In response, Collins, the next day, February 26, 1929, deposited in escrow in the bank named (hereinafter referred to as the bank), the sum of $1,000, together with said letter. The deposit was to the joint account of Collins and Mrs. Sparenberg; the bank's notation on the papers reading: "Forfeit on home place as per L 2/25/29 by Mrs. Sparenberg by T. F. Schelb, deposit by Dr. Collins." On March 18th thereafter Mrs. Sparenberg, by attorneys, transmitted by letter to the bank a warranty deed, ten vendor's liens notes and a deed of trust to be executed and delivered in closing the deal. The letter directed that, upon Collins paying $9,000 as additional cash consideration for the deed and executing the notes and deed of trust (the latter to be signed and acknowledged also by Collins' wife), said deed be delivered to him. The notes as written were due one each year, and contained no option for the payment of principal or interest before the due dates named. The notes also contained provisions (a) for 10% interest on all past-due interest; (b) that failure to pay any note or installment of interest thereon should, at the option of the owner or holder, mature the entire series of notes; (c) that 10 per cent. should be added as attorneys' fees in event suit was brought on same; and (d) a recital that said notes were secured by deed of trust in addition to the vendor's lien. As above stated, the deed of trust was transmitted as a part of the papers, with the direction that it be signed by Collins and wife as one of the conditions upon which the bank was authorized and directed to deliver the deed. On March 12th thereafter the bank wrote Mrs. Sparenberg's agent that, from a talk with Collins, it was ascertained that the delay (evidently referring to a delay in closing the deal) was due to some minor defects in the title which would doubtless be cured that day, and that Collins said he expected to close the deal the next day. On March 13th thereafter Hair, the agent of Collins, wrote Mrs. Sparenberg that the bank would return the notes to have them changed to read "on or before." In this letter the writer said: "He Collins also prefers notes made payable in Big Spring, but that really does not make much difference—if can put them that way could pay off at First National Bank here, which would be the same thing to you." March 16th thereafter attorneys for Mrs. Sparenberg wrote the bank, declining to change the notes. On March 20th the bank transmitted a deed to be executed by Mrs. Sparenberg, which provided for the payment of the entire consideration of $20,000 in cash. This offer was rejected by letter dated March 25, 1929. On March 27, 1929, attorneys for Collins, in a letter to Mrs. Sparenberg, reviewed the whole transaction up to that date and in part said: "If you persist in having ten notes, one payable each year, and will not allow them to be drawn on or before, then the notes should be strictly in conformity with that letter, but the notes carry other provisions that were not mentioned in the letter; that is, the notes provide for payment of interest on past due interest, while the letter did not mention such provision. The notes also provide that failure to pay any note of the series, or any installment of interest, would authorize you to declare all of the notes due and payable. Your letter does not mention this provision. The notes also provide for 10% attorneys' fees, while your let-

ter said nothing about attorneys' fees. You also have prepared and sent here for execution by Dr. Collins a deed of trust on the property, while your letter did not mention deed of trust, and we do not believe you are in a position to rely upon your letter and at the same time ask Dr. Collins for any notes that carry many provisions not mentioned, and we trust that you will either allow Dr. Collins to pay the full consideration in cash or instruct the bank here to return to Dr. Collins the $1000.00 deposited by him and call the deal off." On March 30th thereafter Mrs. Sparenberg's attorneys submitted another proposition which was rejected by letter of April 10, 1929. On April 12, 1929, Mrs. Sparenberg's attorneys wrote that they would talk further with their client and report within the next day or two. On April 16th said attorneys wrote, agreeing to make the notes read as requested. On April 18th Collins' attorneys replied, stating, among other things, that Mrs. Collins had died and Collins could not comply with the contract if he wished to, but that he had previously considered the deal off.

This suit was brought by Collins against Mrs. Sparenberg and the First National Bank of Big Spring to recover the $1,000 deposited. The effect of the plaintiff's petition is to allege that the deal had been abandoned and hence that plaintiff was entitled to the $1,000. The bank asserted its disinterestedness and under leave paid the $1,000 into court to abide the judgment of the court as to its ownership. Mrs. Sparenberg contended that the $1,000 had been paid as earnest money and a part of the consideration for the conveyance of the land; that plaintiff had breached the contract; that if the papers submitted for closing the deal contained extra provisions, which was denied, then plaintiff had waived same and was estopped to set this up in defense; that therefore the money belonged to her. Upon the trial the court peremptorily instructed a verdict in favor of Collins for the $1,000, less $25 adjudged to the bank for its expenses as stakeholder. Mrs. Sparenberg has appealed.

The questions which the appeal presents for determination seem to us to be all comprehended within the following five, namely: (1) Under the pleadings, is the nature of appellant's claim one of right to, or ownership of, the $1,000 as such? (2) Or, is it a claim for said sum as liquidated damages for breach of a contract? (3) If the latter, was there evidence raising an issue of fact that said sum was liquidated damages? (4) Was there evidence raising an issue of waiver or estoppel? (5) If so, was any such issue material under the pleadings and the undisputed evidence?

The first question is one of law. Whatever uncertainty there may be regarding the terms of the contract and of particular rights of the parties thereunder, it is clear, we think, that appellant's right to, or ownership of,

the $1,000 as a fund was dependent upon the deal for the sale and purchase of the land having been closed by the delivery of the notes and deed. The pleadings of both parties show that the deal was never closed. Neither party by the pleading sought specific performance of the contract. It therefore follows, we think, that the right to the $1,000 was with the appellee Collins, unless the defendant Mrs. Sparenberg by her pleadings and evidence showed a right to have the fund awarded to her as liquidated damages. We do not believe that appellant's pleading can reasonably be interpreted as asserting claim to the $1,000 as liquidated damages. Appellant alleged, "that $1,000.00 * * * was a part payment of the first $10,000.00 of plaintiff's contract; that said $1,000.00 is earnest money and because of the breach, failure and refusal of plaintiff to perform the aforesaid contract of sale, the aforesaid $1,000.00 justly belongs to this defendant; that the First National Bank is illegally withholding the payment of same to this defendant." A part of the prayer was that said defendant "have judgment for the $1,000.00 held as earnest money as part payment on first $10,000.00." Another part of the prayer was "that defendant have judgment for the $1,000.00 held as aforesaid as earnest money, and a part of first payment now held by the bank as aforesaid, etc." No facts were alleged to show that the $1,000.00 was agreed to be liquidated damages. The contract on its face does not so provide. The facts alleged show that the $1,000 was a part of the agreed purchase price to be paid upon the happening of a condition which the undisputed evidence shows never happened. Although appellant makes no contention to such effect, we think the $1,000 was, in addition to being a conditional payment on the purchase price, a penalty out of which appellant may have enforced the payment of such damages, if any, as she suffered for the breach, if any, of the contract. There was no evidence to raise any issue of fact that there was any damage from the breach of the contract nor of the amount thereof.

We are inclined to believe that the evidence, if it does not show a waiver by Collins of the right to insist that the papers did not comply with the contract as made, at least raised an issue of fact to such effect. The only objection which Collins made to the papers was that the notes did not provide for payment on or before the due dates named. The evidence establishes with certainty that the failure of the deal to go through was because of the refusal of appellant to have the notes changed to read "on or before." The contract as we construe it was inconsistent with the claim of Collins to the right to have the notes provide for payment before the due dates named. We need not go further into this question, however, in view of our conclusion as hereinafter shown, that it would be immaterial.

If it be conceded that the undisputed evidence showed the waiver claimed or that the evidence raised an issue of fact as to the existence of such waiver, it was wholly immaterial as we see it. If it be conceded that appellee breached his contract without excuse, it does not follow that the $1,000 became the property of appellant. Appellant accepted the breach and does not by this suit seek specific performance of the contract. The $1,000 was never in possession of the appellant. The evidence shows no right of possession. It may be that appellant suffered no damages from the breach of the contract. If so, clearly the mere fact that appellee breached the contract would not defeat his right to the $1,000. Appellant had the burden of showing an agreement that the $1,000 was to be liquidated damages or in any event the fact that she suffered damages and the amount thereof, the payment of which should be enforced out of the $1,000 deposit as a penalty. We are cited to no such evidence, and therefore we think, under the pleadings and undisputed evidence, the trial court did not err in its judgment, but that such judgment should be affirmed, which is accordingly so ordered.

LESLIE, J., not sitting.